UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARVON D. GREEN, | No. 2:22-cv-0501 KJM DB P |
| Petitioner, | |
| v. | ORDER |
| BRIAN KIBLER, | AND |
| Respondent. | FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner has also filed an affidavit in support of an application to proceed in forma pauperis. Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Leave to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Upon screening the petition, it plainly appears petitioner is not entitled to relief. It is therefore recommended the court dismiss the petition.

**I. Screening Requirement**

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court." Rules Governing Section 2254 Cases, Rule 4. The court may summarily dismiss a petition for writ of habeas corpus on its own motion after providing the petitioner with adequate notice and an opportunity to respond.

Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). A court should not dismiss a petition for habeas corpus without leave to amend unless it appears no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

## II. Allegations in the Petition

On April 5, 2019, petitioner was convicted of making a criminal threat and dissuading a witness from reporting a crime in case 18FE006985 in the Sacramento County Superior Court. (ECF No. 1 at 2.) After sentence enhancements were found true, the court sentenced petitioner to 16 years in state prison. (Id.)

The instant petition challenges a California Board of Parole Hearings ("Board") decision denying petitioner parole, although petitioner does not indicate the date or year of the decision challenged. Petitioner alleges the Board has failed to properly weigh his mental health, cognitive difficulties, and hearing impairment in mitigation. He also alleges the Board improperly considered facts in aggravation, including facts concerning his underlying crime and prior criminal history. Petitioner alleges the Board erred in determining he was not entitled to the parole provisions offered to nonviolent prisoners under Proposition 57.

## III. Failure to State a Claim

The petition fails to state a cognizable federal habeas claim for relief. Petitioner's claim the Board erred in weighing the evidence and in denying him parole is based solely on alleged violations of state law.

Federal courts may entertain an application for a writ of habeas corpus by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." Swarthout v. Cooke, 562 U.S. 215, 219 (2011) (internal quotations and citations omitted); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (it is not the province of a federal habeas court to reexamine state court determinations on state law questions).

Federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. Swarthout, 562 U.S. at 220-21. Instead, the only federal right at issue is procedural. Id. at 222. Specifically, when a State creates a liberty interest in parole, the Due

Process Clause requirements are minimal, consisting of an opportunity to be heard and a statement of the reasons why parole was denied. Id. at 220. The relevant inquiry is what process a habeas petitioner received at his parole hearing. Id. at 222; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in Swarthout that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision."). This procedural inquiry is "the beginning and the end of" a federal habeas court's analysis of whether due process has been violated when a state prisoner is denied parole. Swarthout, 562 U.S. at 220. After Swarthout, substantive challenges to parole decisions are not cognizable in federal habeas corpus. Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).

Here, petitioner's allegations do not implicate federal due process. Instead, petitioner challenges the weight of the evidence as it relates to the application of state law, including Proposition 57. Because federal habeas corpus only provides a remedy for violations of the Constitution or laws or treaties of the United States, petitioner's claim of state law error in the denial of parole is not cognizable. See, e.g. Wilson v. Biter, No. 1:18-cv-00841 SKO, 2018 WL 3197815, at *2 (E.D. Cal. June 26, 2018) (claim of Proposition 57 error in the denial of parole "not cognizable under federal habeas review").

**IV. Motion to Appoint Counsel**

Petitioner has requested the appointment of counsel. (ECF No 5.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). In light of the recommendation to dismiss the petition, appointment of counsel will be denied.

**V. Conclusion and Order**

The petition for relief under 28 U.S.C. § 2254 fails to state a cognizable federal claim for relief. In accordance with the above, IT IS ORDERED:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 4) is granted; and
2. Petitioner's motion to appoint counsel (ECF No. 5) is denied without prejudice.

///

In addition, IT IS RECOMMENDED:

1. The petition for writ of habeas corpus (ECF No. 1) be dismissed; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 3, 2022

DLB7
gree0501.scrn.fr

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE